### Application of PERRY & SCONYERS TRANSFER CO.

Railroad & Public Utilities Commission.

May 20, 1954.

C. Clyde Atkins of Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for applicant.

James F. Minnet, Fort Lauderdale, for Withers Van Lines, Galloway Transfer & Storage, American Van & Storage, Union Transfer & Storage, Washington Storage, John Morris Trucking Service, Eastern Moving & Storage, Service Transfer & Storage, protestants, or as their interests might appear.

O. C. Beakes, Suddath Moving & Storage Co., Inc., protestant.

Chairman JERRY W. CARTER, commissioners WILBUR C. KING and RICHARD A. MACK, each participated in the disposition of this case.

## BY THE COMMISSION.

On October 8, 1952, the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application in the commissioner's hearing room at 2605 W. Flagler St., Miami. Following this hearing the examiner submitted to the commission a proposed order, copies of which were transmitted by the commission to all parties of record together with a notice that exceptions thereto could be filed with the commission within 15 days from the date thereof. Within such period the applicant filed exceptions to the proposed order and an application for oral argument. On June 2, 1953 the commission heard oral argument at its hearing room at 700 S. Adams St., Tallahassee. Having considered the exceptions, the examiner's proposed order and the record herein in the light of the oral argument we now enter our order.

This is an application by Carl Perry and George W. Sconyers, d/b/a Perry & Sconyers Transfer Co., 3240 N. W. 27th Ave., Miami, for a certificate of public convenience and necessity to operate an auto transportation company as a private contract carrier of pianos and organs, uncrated, from Miami and the adjoining communities of Miami Beach, Hialeah, Miami Springs and Coral Gables to Fort Pierce and points and places in between any such cities under contract with Eunice M. Morgan and Charles O. Morgan, d/b/a Morgan Piano Co.

The Morgan Piano Co. is the franchised representative of Hammond organs and Steinway pianos in St. Lucie, Martin, Palm Beach, Broward, Dade and Monroe counties, and the subject contract envisions transportation throughout that part of said area lying north of Coral Gables.

The Morgan Piano Co. occupies a beautiful building, well appointed and with very expensive furnishings. It sells nothing but new pianos and organs, and its unit sale is quite high—about twice the national average. The company feels that it needs the finest possible transportation in delivering instruments to its customers and is willing to pay in excess of top rates for dependability and dedicated service.

This piano company used one of the protestants exclusively for 17 years until the protestant several years ago replaced its white driver with an all-negro crew. Mr. Morgan testified that there was a rapid fire turnover of personnel in the crew and that there arose many difficulties, complaints and objections to the absence of a white man in making C.O.D. delivery and installation of $2,600 instruments to a housewife alone at home. This protestant testified, however, that a great many compliments are received on the work of its all-negro crews.

For the past several years the applicant has given service consistent with the house policy of the Morgan Piano Co. in catering to the whims of its customers. Applicant devotes one van-type truck with hydraulic lift, driven by partner George W. Sconyers, entirely and exclusively to the service of the Morgan Piano Co.

Applicant can always be depended upon to render whatever service is required by the customers at any time during the day or night. Often a piano is sold for delivery after 5 or at 8 P. M., or at midnight. At least three instruments must be delivered every Saturday afternoon. Unlike the protestants, all of whom cease operating at noon on Saturdays, applicant continues to serve. The Morgan Piano Co. from noon until five o'clock on Saturdays continues a sales crew at the front end of the store and two emergency repair men in the back.

When applicant delivers a piano, the lady of the house usually does not know where she wants it and it must be moved to several locations in the house. Organs must be assembled and installed which sometimes becomes quite difficult in the places designated by the housewife.

Three hundred deliveries per year must be made to customers outside the Miami area and Mr. Morgan anticipates that an additional 250 to 300 instruments per year will have to be delivered to the company's new store in Palm Beach. The company also rents concert grand pianos throughout the area applied for.

The concert grand pianos are nine feet long, very heavy and hard to move. These instruments cost $6,000 and many times they are rented in pairs. Mr. Morgan refuses to rent them unless they

are to be moved and constantly attended by the applicant—one beautiful day during an open-air commencement exercise, a rainstorm came up out of nowhere and a Morgan rental piano was drenched.

The concert grand pianos must be delivered in plenty of time to be tuned before the concert starts. The crew must wait until the hall has cleared after the concert, possibly as late as 11:30 at night, before reloading for the return trip to Miami from such points, for example, as Palm Beach.

On trips outside the Miami exempt area the applicant is hired by the hour to drive a truck rented by Mr. Morgan. This arrangement is an inconvenience and is more expensive and less reliable than use of applicant's own truck which will be possible under the operating authority here granted. The protestants contend that the granting of this application would materially decrease their prospects in competing for this business but their testimony substantiated Mr. Morgan's claim that it would be much cheaper for his company to do its own hauling, an annoyance which he declared would be undertaken if this application were denied in preference to having to contend with multiple carriers in whom Mr. Morgan lacked confidence. The protestants concede that Mr. Morgan is an expert on piano moving.

All of the protestants are household goods carriers with authority from this commission to haul pianos throughout the state. They testified that they did not realize that the transportation of pianos for the Morgan company was big business, that they had never seen the special boards used in moving concert grand pianos and that they had never hauled a concert grand piano except maybe across the street when someone moved. They are well equipped to handle ordinary pianos but have no crew that has specialized in moving pianos or organs. They are willing to devote to the service of the Morgan company a crew and truck so long as they are kept busy. It is, however, customary for the protestants, in service from Miami to West Palm Beach or Fort Pierce, for example, to load at the time designated by the customer; but a full van load being more profitable, they like to deliver when they have a truck on its way to Jacksonville.

The Morgan Piano Co. uses most of the protestants in shipping pianos or organs to Key West, the Carolinas, New York, Chicago and other points outside the area applied for, and Mr. Morgan testified that invariably there is a long delay of four or five days or a week. On occasions when the applicant's equipment is tied up, the Morgan Co. uses the protestant which formerly served them

for 17 years—but must now wait for a day or more until a truck becomes available and is no longer able to get service satisfactory to its customers.

The contract of carriage between the applicant and the Morgan Piano Co., as renewed, is of indefinite duration. Rule 4 of the rules and regulations of this commission relating to motor transportation provides that certificates of public convenience and necessity issued to private contract carriers shall expire by limitation upon the expiration of the contract under which the applicant has been authorized to operate, unless the commission upon satisfactory evidence of the extension or renewal of said contract shall extend the expiration date of said certificate. The authority granted by this order, therefore, will be limited in duration to a specified time without prejudice at the end of such time to the presentation of satisfactory evidence of the continued existence of the contract and a request for the extension of the expiration date of the certificate hereby granted.

The commission finds that public convenience and necessity require the proposed transportation service, that the applicant is qualified financially and otherwise to conduct the operation and that the certificate granted hereby will have no adverse effect upon the transportation facilities within the territory sought to be served, nor upon transportation as a whole within said territory.

It is therefore ordered (1) that a contract carrier certificate of public convenience and necessity be and it is hereby issued to Carl Perry and George W. Sconyers, d/b/a Perry & Sconyers Transfer Co., authorizing the operation of an auto transportation company as a private contract carrier of pianos and organs, uncrated, from Miami and the adjoining communities of Miami Beach, Hialeah, Miami Springs, Coral Gables to Fort Pierce and points and places in between any such cities under contract with Eunice M. Morgan and Charles O. Morgan, d/b/a Morgan Piano Co.; (2) that the certificate of public convenience and necessity and all operating authority hereby granted shall expire by limitation upon the expiration of the 5 years next succeeding the date of this order unless the commission upon satisfactory evidence of the continued existence of the instant contract shall extend the expiration date of said certificate; and (3) that applicant file with this commission evidence of compliance with its rules governing insurance.